UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

D-1 STUART BLAKESBERG,

      Defendant.

                                      /

CRIMINAL NO. 10-20374

HONORABLE GEORGE CARAM STEEH

## **STIPULATED PRELIMINARY ORDER OF FORFEITURE**

      The United States of America, by and through its attorneys, BARBARA L. McQUADE, United States Attorney for the Eastern District of Michigan and PHILIP A. ROSS, Assistant U.S. Attorney, together with Defendant STUART BLAKESBERG, by and through his attorney, JAMES GEROMETTA, ESQ., hereby submit this Stipulated Preliminary Order of Forfeiture:

1. WHEREAS, an Indictment was filed on June 16, 2010, which charged Defendant Stuart Blakesberg with violations of Title 18, United States Code, Section 2252A(a)(1) (Transportation of Child Pornography);

2. WHEREAS, the Indictment contained Forfeiture Allegations seeking, pursuant to Title 18, United States Code, Section 2253, forfeiture of the following:

    a) Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

    b) Any property, real or personal, constituting or traceable to gross profits, or other proceeds obtained from such offense; and

*Case No. 10-20374*

    c)    Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. WHEREAS, on January 31, 2011, Defendant Stuart Blakesberg entered into a Rule 11 Plea Agreement, in which he pleaded guilty to Count One of the Indictment, and agreed to forfeit the following property as it was used or intended to be used to commit or to promote the commission of the offenses charged in Count One:

    (a)    One (1) Canon E0S 500D Camera, Serial Number 0980368826;

    (b)    One (1) Canon 70-300 mm Lens Camera, Serial No. 36603404;

    (c)    Six (6) Counterfeit DVDs;

    (d)    Six (6) DVDs containing suspected child pornography images.

4. NOW THEREFORE, based upon the Indictment, Defendant Stuart's Blakesberg's acknowledgment of forfeiture, and the information in the record;

IT IS HEREBY ORDERED that any and all interest of Defendant Stuart Blakesberg in the following property IS HEREBY FORFEITED to the United States for disposition in accordance with law, and any right, title or interest of Defendant Stuart Blakesberg, and any right, title or interest that his heirs, successors or assigns, have or may have in said property IS HEREBY AND FOREVER EXTINGUISHED:

    (a)    One (1) Canon E0S 500D Camera, Serial Number 0980368826;

    (b)    One (1) Canon 70-300 mm Lens Camera, Serial No. 36603404;

    (c)    Six (6) Counterfeit DVDs;

    (d)    Six (6) DVDs containing suspected child pornography images.

*Case No. 10-20374*

hereafter referred to as "Subject Property."

IT IS FURTHER ORDERED that, upon entry of this Order, the United States or a designee is authorized to seize the Subject Property described above in paragraph 4 pursuant to Federal Rule of Criminal Procedure 32.2(b)(2) and (3), to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any assets seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

IT IS FURTHER ORDERED that the United States shall publish notice of this Preliminary Order of Forfeiture and its intent to dispose of the property on the Government's forfeiture website (www.forfeiture.gov) for at least 30 consecutive days, in such manner as is consistent with the provisions of Fed. R. Crim. P. 32.2(b)(6) and Supplemental Rule G(4)(a)(iv)(C). The United States shall also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property. Said notice shall direct that any person asserting a legal interest in the property, other than Defendant Stuart Blakesberg, may file a petition for ancillary hearing with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts

*Case No. 10-20374*

supporting the petitioner's claim, and the relief sought.

5.    In entering into this Stipulated Preliminary Order of Forfeiture, Defendant Stuart Blakesberg expressly waives his right to have a jury determine the forfeitability of his interest in such property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. Defendant Stuart Blakesberg knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and specifically acknowledges that the above-identified forfeitable property constitutes or is derived from proceeds traceable to his violation of 18 U.S.C. § 2252A(a)(1).

6.    Defendant Stuart Blakesberg waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant Stuart Blakesberg acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed on him in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time any guilty plea is accepted.

7.    Following the Court's disposition of all petitions filed, if any, and upon proof of publication and notice to any persons known to have alleged an interest in the real property, the United States shall have clear title to the real property, and the Attorney General and the United States Marshal's Service are authorized to dispose of the forfeited assets in accordance with law.

*Case No. 10-20374*

8. Pursuant to Fed.R.Crim.P. 32.3(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

9. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

10. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2.

\\

\\

\\

\\

\\

\\

\\

*Case No. 10-20374*

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney

| | |
|---|---|
| /s/PHILIP A. ROSS | /s/JAMES GEROMETTA, ESQ. |
| PHILIP A. ROSS | JAMES GEROMETTA, ESQ. |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 613 Abbott, 5th Floor |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9790 | (313) 967-5555 |
| Philip.Ross@usdoj.gov | james_gerometta@fd.org |
| (VA State Bar 70269) | (P-60260) |
| | |
| Dated: April 14, 2011 | Dated: April 11, 2011 |

/s/STUART BLAKESBERG (signature page attached)
STUART BLAKESBERG
Defendant


Dated: April 11, 2011


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IT IS SO ORDERED.


Dated: April 18, 2011                 S/George Caram Steeh
                                      **United States District Judge**

6

*Case No. 10-20374*

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney

/s/ Philip A. Ross
PHILIP A. ROSS
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9790
Philip.Ross@usdoj.gov
(VA State Bar 70269)
Dated: ~~January 31, 2011~~ April 14, 2011

/s/ James Gerometta
JAMES GEROMETTA, ESQ.
Attorney for Defendant
613 Abbott, 5th Floor
Detroit, MI 48226
(313) 967-5555
james_gerometta@fd.org
(P-60260)
Dated: ~~January __, 2011~~ 4/11/11

/s/ Stuart Blakesberg
STUART BLAKESBERG
Defendant

Dated: ~~January __, 2011~~ 4/11/11

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IT IS SO ORDERED.

Dated: _____    _____
                                 HONORABLE GEORGE CARAM STEEH
                                 United States District Judge